DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Richard James, ) | |
| ) | CASE NO. 5:10 CV 578 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Northfield Center Board of Trustees, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I. Introduction

The plaintiff filed in state court on March 2, 2010 a complaint alleging that the trustees of Northfield Center Township and Robert Derrit, in his capacity as the Fire Chief for Northfield Center Township, had unlawfully terminated the plaintiff with the following charges:

> 10. Plaintiff is a firefighter with Northfield Center Fire Department according to Ohio Rev. Code § 505.38. On or about June 12, 2007, Defendant Northfield Center Township Fire Department issued a Notice of Charge to Plaintiff, informing Plaintiff of allegations made by Defendant Robert Derrit.
>
> 11. On or about July 9, 2007, Defendant Robert Derrit deemed Plaintiff ineligible for any shift selection, pending disciplinary actions before the Northfield Center Township Board of Trustees. No hearing to determine any such disciplinary actions has ever taken place, and Plaintiff has not been allowed to return to work as a firefighter since this date.
>
> 12. On or about July 6, 2007, Defendant Robert Derrit filed a complaint with the Ohio Department of Public Safety Division of Emergency Medical Services against Plaintiff regarding Plaintiff's role as an instructor of a training course. After discussing the matter at its meeting of December 18, 2007, that agency closed its investigation of the matter with no action against Plaintiff.

(5:10 CV 578)

>13. On or about February 4, 2008, prior to any hearing before the Northfield Township Board of Trustees, Plaintiff was presented a "Return to Work" Agreement. Plaintiff responded to this proposed agreement via a letter dated February 11, 2008.
>
>14. To date, Defendants have failed to reply to Plaintiff's response.
>
>15. Plaintiff, through legal counsel, attempted to obtain a response from Defendants without resorting to litigation; Defendants failed to give Plaintiff even the courtesy of a response.

The second count in the complaint alleged a violation of 42 U.S.C. §1983 in paragraphs 16 thru 18 as follows:

>16. All matter alleged in Paragraphs One (1) through Fifteen above are realleged and incorporated herein by reference.
>
>17. Ohio law requires that a duly appointed voluntary firefighter may not be dismissed or removed from his position as a firefighter without compliance with statutory procedures established in Ohio Rev. Code § 733.35 through 733.39. Failing to follow the statutory procedures for removal constitutes a deprivation of a protected property right without due process of law and is a violation of one's civil rights according to 42 U.S.C. § 1983.
>
>18. According to Ohio Rev. Code § 733.37, any suspension of Plaintiff should have ended after a mere fifteen (15) days. That suspension period should have ended by July 24, 2007. To date, Plaintiff's suspension has never been lifted, and no decision has ever been rendered by the Northfield Center Township Board of Trustees. Additionally, Defendants, exercising authority as duly elected trustees and fire chief, have removed Plaintiff's name from the active roster of Northfield Center Township Fire Department firefighters.

(5:10 CV 578)

The third count moved for a declaratory judgment to the effect that the plaintiff was entitled to continued employment as a Northfield Center Township firefighter.

The fourth count in the complaint is entitled Action for Mandamus in paragraphs 22 and 23 which state:

> 22.     As stated above, Defendant Robert Derrit suspended Plaintiff on July 9, 2007.  Plaintiff has been removed from the active roster of Northfield Center Township firefighters without the use of the statutory procedures for removing such a person.
>
> 23.     When an officer of a township fails to perform a duty that he or she is legally obliged to do, one may compel performance through an action for mandamus.  Plaintiff has been suspended for over two years when the law states that a suspension should only last a maximum of fifteen (15) days.  Additionally, Plaintiff has never been informed of any hearing before the Northfield Center Township Board of Trustees.  Thus, an action for mandamus herein lies to compel Fire Chief Derrit to reinstate Plaintiff to his position with the Northfield Center Fire Department and to compensate Plaintiff for back pay due during his unlawful suspension.

The defendants removed the case to this court.

II. The Subsequent Changes with Respect to the
Fire Department for Northfield Center Township

The Court conducted a Case Management Conference on April 27, 2010 and a status conference on June 24, 2010, and was advises that the parties were probably close to a settlement because the Northfield Center Fire Department was going to be incorporated into another fire district by August 1, 2010.  The Court conducted another status conference on July 26, 2010, and was advised that there are apparent difficulties in returning the plaintiff to work in the newly-created fire department.  Against that background, the litigation continued.  Following the close

3

(5:10 CV 578)

of discovery, the defendants moved for summary judgment.

### III.  The Factual Basis for Summary Judgment

The defendants' motion for summary judgment contains a Statement of Facts which is attached hereto as Appendix 1.  Subsequently, counsel for the plaintiff filed a Statement of Facts which is summarized hereafter.

In summary, the defendants contend that the plaintiff, while working as a part-time volunteer firefighter and a paramedic for the Northfield Center Township Fire Department, agreed to teach a Firefighter II class to a number of members of the Northfield Center and Northfield Village Fire Departments through the Cuyahoga Valley Career Center and that he failed to complete the assignment.  The defendant Chief Derrit then prepared a "Notice of Charge" listing a number of violations of the Northfield Center Fire Department Rules of Conduct and the Northfield Center Township Employee Handbook as follows:

> Specification One:
> You were issued a letter dated May 31, 2007 regarding the progress of the Firefighter II class you have been conducting.  The letter required a response by June 6, 2007.  On June 2 you were asked if you understood the letter.  Your reply was affirmative.  You were also advised on June 2 that the letter was to be considered a direct order.  As of June 12, 2007 you have failed [sic] reply.
>
> Specification Two:
> On May 19, with other officer [sic] present you were asked verbally about the progress of the Firefighter II class you have been conducting.  When asked when the class started, you stated that the start date had been in November of 2006.  Evidence indicates that the class actually started on June 10, 2006 and that you intended to falsify necessary class reports to reflect the false start date.

4

(5:10 CV 578)

>Specification Four:
>You have cancelled numerous classes on short notice and failed to reschedule these classes.  Under state regulations you have one year to complete this class.  You have managed to complete between 15 and 20 hours of a 120 hour class.  You have caused serious inconvenience to and have wasted the [sic] of seven members of two departments.  This has had a negative effect on their moral [sic] and efficiency.
>
>Specification Five:
>On at least two occasions you placed yourself into the fire department payroll system and were paid for time you spent teaching this class.  Necessary and required reports were never submitted to Cuyahoga Valley JVS consequently this class had no official status.  Your acceptance of township money for teaching this on these occasions amounts to falsification of time records for payroll.

The defendants' factual account continues with a discussion of two executive sessions and then summarizes the outcome in the following paragraph:

"After the conclusion of the second executive session, the Trustees took no formal action, and instead instructed the officers and James to prepare an agreement under which James could return to the Department.(citations omitted).  The officers did, and sent James a written copy on or about January 30, 2008.  ("Exhibit K" to James Depo., attached hereto as "Exhibit K").  James responded on February 11, 2008 rejecting or demanding to modify every provision contained in the officers' version.  ("Exhibit M" to James Depo., attached hereto as "Exhibit L").  Plaintiff has not, to date, signed the Return to Work Agreement.

The plaintiff's response to the defendants' motion for summary judgment contains a brief statement of facts as follows[1]:

---

[1]Doc. 27, pp. 2-3.

5

(5:10 CV 578)

> Plaintiff Richard James was employed as a part-time volunteer firefighter and paramedic for the Northfield Center Township Fire Department. At the request of the fire department, Plaintiff agreed to teach a Firefighter II training certification course on behalf of the Department in 2006 (see Deposition of Richard James [hereinafter "James Depo"], p.32). Due to unforeseen circumstances involving the care for Plaintiff's son (who had been severely injured in an automobile accident, Plaintiff failed to complete the course within a year from the course's start date. Defendants suspended Plaintiff in July 2007 (see Exhibit A, attached hereto and incorporated herein by reference). To date, Plaintiff has never been cleared to return to work as a volunteer firefighter and paramedic. In February 2008, Defendant presented Plaintiff with a "Return to Work Agreement" that would allow him to resume his duties as a volunteer firefighter if he agreed to the terms of the agreement (see Exhibit B, attached hereto and incorporated herein by reference.) Plaintiff submitted a revised form of the agreement shortly after he received it with proposed changes to the agreement (see Exhibit C, attached hereto and incorporated herein by reference). Defendants never responded to Plaintiff's counter-offer on the terms of the "Return to Work Agreement" and have not allowed him to serve as a firefighter since 2007. Plaintiff then filed suit in the Summit County Court of Common Pleas in the state of Ohio, and Defendants removed the action to the Northern District of Ohio.

### IV.  Summary Judgment Law

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue

6

(5:10 CV 578)

for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The Rule requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." Reid v. Sears Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986) (citing Biechell v. Cedar Point, Inc., 747 F.2d 209, 215 (6th Cir. 1984)); but see Baer v. Chase, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. at 250. Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a

7

(5:10 CV 578)

jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. See also Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

V.  The Multiple Reasons Advanced
by the Defendants for Summary Judgment

Counsel for the defendants has advanced a series of argument for summary judgment. The Court will only address the first argument as the Court finds that the defendants are entitled to summary judgment because plaintiff's claims were filed after the two-year expiration of the applicable statute of limitations.  At this point in the analysis, the Court notes that the summary of the complaint set forth in the heading to the complaint is styled "Complaint for violation of 42 U.S.C. §1983: Unlawful termination: Mandamus for reinstatement; and Declaratory Judgment.

Count One of the complaint is styled "Wrongful Termination," but the provisions of Count One do not cite any statutory basis to justify this Court's jurisdiction or any other court's jurisdiction to provide a remedy for what is styled a "Wrongful Termination."  However, the allegations of Count Two entitled "Violation of 42 U.S.C. § 1983" incorporates by reference the allegations of Count One and continues with the allegations that the defendants failed to follow the provisions of state law with respect to the suspension or dismissal of the plaintiff as a duly appointed voluntary firefighter, but have removed plaintiff's name from the active roster of Northfield  Center Township Fire Department firefighters.

As cited by the defendants in their motion for summary judgment, "[T]he statute of limitations applicable to claims arising under 42 U.S.C. §1983 is two years. *Browning v.*

8

(5:10 CV 578)

*Pendleton*, 869 F.2d 989 (6th Cir. 1989). 'Ordinarily, the limitations period begins when the plaintiff knows or has reason to know of the injury which is the basis of his action.' *Kuhnle Bros. Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)."

In support of the factual basis to support the Statute of Limitations argument, the defendants' brief in support of the motion for summary judgment states as follows[2]:

> The Statute of limitations applicable to claims arising under 42 U.S.C. § 1983 is two years. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989). "Ordinarily, the limitations period begins when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir.1997).
> 
> Plaintiff's Complaint alleges claims under 42 U.S.C. § 1983 relating to Defendants' alleged failure to comply with the statutory requirements of R.C. § 733.35-733.39. As discussed in further detail below, there was no such failure. However, even assuming *arguendo* that there was, Plaintiff's Complaint was filed well past the applicable statute of limitations.
> 
> > 1. Plaintiff's claims for failure to conduct a hearing were filed after the expiration of the statute of limitations.
> 
> R.C. § 733.35 requires charges to be filed with the legislative authority in the event of misconduct by a firefighter, with a copy to be served upon the person against whom they are made. There is no dispute that Chief Derrit filed charges against James, and provided a copy of the same to him before they were filed. R.C. § 733.36 requires those charges to be heard at the next regular meeting of the legislative authority with which they were filed, unless that time is extended at the request of the accused.
> 
> The Northfield Center Township Trustees, the legislative authority with whom the charges against James were filed, conduct their

---

[2]Doc. 20, pp. 7-8.

9

(5:10 CV 578)

> regular meetings on the first Monday of each month, at 7:00 p.m.
> (Reville Declaration at ¶ 2).  Because the Notice of Charge was
> filed with the Trustees (and Plaintiff) in June, 2007, the next
> regular meeting at which those charges could be hard would have
> taken place on Monday, July 2, 2007.  Because Plaintiff did not
> request a continuance of such hearing, the statute of limitations
> would have begun to run the day after which the hearing should
> have taken place, on July 3, 2007.  Plaintiff conceded that he was
> familiar with the requirements of R.C. § 733.35-733.39, and
> approached the Trustees to request a meeting in Executive Session
> in September, 2007, at which time he knew a hearing should have
> been already been held.  (James Depo. at p. 89-90).  In fact, James
> himself used to be a Township Trustee, and was familiar with the
> statute's requirements.  (James Depo. a p. 89-90).  Therefore,
> Plaintiff's Complaint must have been filed on or before July 2,
> 2009, which it was not, and Defendants are entitled to judgment in
> their favor as a matter of law.

Counsel for the plaintiff argues that the fact that the parties continued to work together in an attempt to fashion a remedy worked to toll the statute of limitations.

The Court disagrees.  Frequently, persons injured in a tort situation, such as an automobile accident, attempt a settlement of the injured party's claims.  Such an effort to reach a settlement does not toll the statute of limitations.  The fact that the parties were engaged in an effort to resolve the controversy first initiated by the plaintiff's failure to carry out his assigned teaching duties did not toll the two-year statute of limitations.

(5:10 CV 578)

Based on the foregoing analysis, summary judgment is granted to the defendants. The judgment entry granting summary judgment to the defendants shall close the case and the Court will further order that each party is to pay its own costs.

IT IS SO ORDERED.

| | |
|---|---|
| _April 25, 2011_ | _/s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |